IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROL CUNNINGHAM SON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-488-RP |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") First Amended Motion to Dismiss, (Dkt. 7), along with the parties' responsive briefing, (Dkts. 8, 9). Having considered the parties' arguments, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

Plaintiff Carol Cunningham Son ("Son") alleges as follows. She refinanced her home in 2011 with Wells Fargo. (Am. Compl., Dkt. 5, at 2). In doing so, she executed a deed of trust to secure her new home loan. (Mot. Dismiss, Dkt. 7, at 2). In 2013, she intended to defer payment of her property taxes pursuant to a Texas law permitting deferment for people older than 65 years. (Am. Compl., Dkt. 5, at 2). However, Wells Fargo paid Son's 2013 property taxes and claimed the amount paid as an escrow shortage. (*Id.*). Wells Fargo did the same thing twice more in 2016, even though there was no escrow account associated with the mortgage. (*Id.* at 2–3).

In 2017, Son fell behind on her mortgage payments. (*Id.* at 3). She executed a loan modification in May of that year. (*Id.*). Wells Fargo added the amounts it had paid in property taxes to the new principal balance. (*Id.*). Son ultimately failed to make payments under the modified loan; she made her last payment in September 2017. (*Id.*). Wells Fargo then applied for foreclosure. (*Id.*).

1

Out of these allegations, Son asserts claims against Wells Fargo for breach of contract and a violation of Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024.41(g). Wells Fargo filed a motion to dismiss Son's original complaint, (Dkt. 4), to which Son responded by amending her complaint by right, (Dkt. 5). Wells Fargo then filed the instant motion to dismiss Son's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 7).

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and citation omitted).

In deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Finally, a court may also take

2

judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

### III. DISCUSSION

Wells Fargo argues that Son fails to state a claim for relief for either of her two causes of action. (Mot. Dismiss, Dkt. 7, at 3–8). It attaches to its motion Son's 2011 deed of trust and 2017 loan modification, both of which are referred to in Son's complaint and central to her claims. (Dkts. 7-1, 7-2). As such, these documents are properly considered for purposes of resolving this motion. *Lone Star Fund V*, 594 F.3d at 387. The Court will consider each of Son's claims separately.

*A. Breach of Contract*

Texas law permits individuals over the age of 65 to defer taxes owed on property declared as a homestead. Tex. Tax Code § 33.06(a). Son alleges that although she wished to defer her 2013, 2015, and 2016 tax payments under state law, Wells Fargo paid her full property taxes and claimed that Son's escrow accounts were short by a corresponding amount. (Am. Compl., Dkt. 5, at 2). Son claims that Wells Fargo breached its contract with her "by making unnecessary tax and insurance payments," which "artificially increased [Son's] monthly payments" to Wells Fargo. (Am. Compl., Dkt. 5, at 4).

Wells Fargo argues that although Texas law permitted Son to defer her property tax payments, her deed of trust required her to pay her property taxes in full. (Mot. Dismiss, Dkt. 7, at 4). The Court agrees. When a person defers payment of property taxes, a tax lien attaches to the property and accrues interest until the taxes are paid. Tex. Tax Code § 33.06(d). The state's tax lien has priority over the claim of any creditor, including the mortgagee. Tex. Tax Code § 32.05(b)(1). And Son's deed of trust obligates her to "pay all taxes . . . which can attain priority over" the deed of trust. (Deed of Trust, Dkt. 7-1, at 6 ¶ 4). Because Son's property taxes would result in a superior lien

3

if deferred, she was obligated to pay them under her deed of trust. As such, Wells Fargo was authorized under the contract to pay the property taxes and collect a corresponding sum to be held in an escrow account. (*Id.* at 5–6 ¶ 3, 8 ¶ 9). A statutory right to deferment does not excuse a mortgagor's obligations under a deed of trust. *See Pachecano v. JPMorgan Chase Bank Nat. Ass'n*, SA-11-CV-00805-DAE, 2013 WL 4520530, at *8 (W.D. Tex. Aug. 26, 2013); *Lyles v. Deutsche Bank Nat. Tr. Co.*, CIV.A. G-09-300, 2011 WL 96591, at *3 (S.D. Tex. Jan. 11, 2011).

Son does not dispute that she was obligated to pay her property taxes on time under the deed of trust; instead, she argues only that Wells Fargo required Son to pay those taxes rather than defer them so that Son would default and Wells Fargo could sell Son's property for profit. (Resp. Mot. Dismiss, Dkt. 8, at 2). But Wells Fargo's motivations for enforcing its contractual rights are irrelevant. Under Texas law, the "essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Son has not plausibly alleged that Wells Fargo breached the deed of trust. Her breach of contract claim must therefore be dismissed.

## B. RESPA

Son alleges that Wells Fargo violated RESPA's Regulation X, 12 C.F.R. § 1024.41(g). (Am. Compl., Dkt. 5, at 4). Section 1024.41(g) prohibits a mortgage servicer from foreclosing a property if the mortgagor submits a complete loss mitigation application after the servicer has noticed the foreclosure process but more than 37 days before the foreclosure sale. 12 C.F.R. § 1024.41(g). Son alleges that she submitted two such loss mitigation applications but that Wells Fargo nevertheless initiated foreclosure proceedings in state court. (Am. Compl., Dkt. 5, at 4). Section 1024.41(g), however, does not apply when "[t]he borrower fails to perform under an agreement on a loss mitigation option." 12 C.F.R. § 1024.41(g)(3). Here, Wells Fargo argues that Son failed to perform

4

under an agreement on a loss mitigation option when she defaulted on her modified loan in 2017, a fact she concedes in her amended complaint. (Mot. Dismiss, Dkt. 7, at 6). Son responds that Wells Fargo must have been obligated to comply with Section 1024.41(g), or it would not have offered Son a second loss mitigation option. (Resp. Mot. Dismiss, Dkt. 8, at 2–3). The Court need not speculate as to Wells Fargo's motivations for taking an action to which it was not obligated. Son's own allegations admit that she defaulted on her first loss mitigation option. (Am. Compl., Dkt. 5, at 3). That admission alone suffices to nullify Wells Fargo's obligation to comply with Section 1024.41(g). 12 C.F.R. § 1024.41(g)(3). Accordingly, Son has not plausibly alleged that Wells Fargo violated RESPA's Regulation X, and that claim must therefore also be dismissed.

## IV. LEAVE TO AMEND

Although Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and "evinces a bias in favor of granting leave to amend, it is not automatic." *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (internal quotation marks and citation omitted). Among other things, "a party must 'expressly request' leave to amend." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 796 (5th Cir. 2014) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). Even though "[a] formal motion is not always required," the requesting party must still "set forth with particularity the grounds for the amendment and the relief sought." *Willard*, 336 F.3d at 387. When a plaintiff fails to request leave to amend or indicate what might be added to the complaint if amendment were allowed, a district court may dismiss the cause of action with prejudice. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012). Son has neither requested leave to amend her complaint nor indicated in what she might add to a second amended complaint. (*See* Resp. Mot. Dismiss, Dkt. 8). The Court therefore declines to *sua sponte* permit Son to amend her complaint a second time.

5

## V. CONCLUSION

For these reasons, Wells Fargo's First Amended Motion to Dismiss, (Dkt. 7), is **GRANTED**. Son's claims against Wells Fargo are **DISMISSED WITH PREJUDICE**.

**SIGNED** on January 24, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE